AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Kyle CASWELL

*Defendant(s)*

Case No. 5:26-mj-1230-PRL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 21, 2026 in the county of Sumter in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 115(a)(1)(B) | Influencing, impeding, or retaliating against a Federal official with threats to assault, harm, kidnap, or murder. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

SA David Moreno, FBI

*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 08/21/2026

*Judge's signature*

City and state: Ocala, Florida

United States Magistrate Judge Philip R. Lammens

*Printed name and title*

**STATE OF FLORIDA**

**Case No. 5:26-mj-1230-PRL**

**COUNTY OF MARION**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Moreno, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since October of 2019. I am currently assigned to the FBI's Jacksonville Division at the Ocala Resident Agency. My current duties involve investigating complex financial crimes involving wire fraud, healthcare fraud, money laundering, and conspiracy to commit those crimes. Moreover, I am a federal law enforcement officer who is engaged in enforcing violation of laws of the United States, and as a law enforcement office, I am authorized to execute warrants issued under the authority of the United States. Additionally, I have a Bachelor of Science Degree in Accounting, and I am a Certified Fraud Examiner

2. As a result of my training and experience as an FBI Special Agent, I am familiar with the following criminal statute:

- 18 U.S.C. § 115(a)(1)(B): Whoever threatens to assault, kidnap, or murder a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under [18 U.S.C. § 1114], with intent to impede intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of

official duties, or with intent to retaliate against such official, judge or law enforcement officer on account of the performance of official duties, shall be punished as provided in 18 U.S.C. § 115(b).

## PURPOSE OF THE AFFIDAVIT

3. I am submitting this affidavit in support of a criminal complaint charging Kyle CASWELL ("CASWELL") with the federal criminal offense listed above. The statements contained in this affidavit are based on my personal knowledge and experience, reliable information from other law enforcement officers, and information obtained from CASWELL during a post-Miranda interview, conducted by myself and Special Agent Bomb Technician Brian Smith. This affidavit is intended only to show that there is probable cause for the arrest of CASWELL. Therefore, I have not included each and every fact known to me. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

## PROBABLE CAUSE

4. On August 21, 2026, at approximately 9:41AM, CASWELL drove to the guard house at the front gate of the Federal Bureau of Prisons (BOP) Coleman Federal Correctional Institution (Coleman), located at 846 NE 54 Terrace, Sumterville, Florida, in Sumter County, within the Middle District of Florida. BOP Officer Omar Lopez, who was assigned to work at the front gate, asked CASWELL for the purpose of his visit. CASWELL stated that he needed to go into the prison. Lopez again asked the purpose of his visit and CASWELL responded that he had a

chip in his brain and told Lopez that he needed to be let in. Lopez then asked CASWELL to leave; CASWELL had to be asked to leave multiple times before he actually left.

5. CASWELL was gone for approximately 12-15 minutes before he returned to the front gate of Coleman. Instead of driving to the guard house at the front gate, however, he parked approximately 30 yards away. Seeing this, Lopez exited the guard house and began giving CASELL verbal commands to leave. CASWELL then drove his vehicle into the turnaround area near the front gate and parked. Lopez approached the driver's side of CASWELL's vehicle and commanded him to keep his hands on the steering wheel. CASWELL then stated to Lopez, "I'm going to kill everyone, I'm going to jail today." Lopez once more asked CASWELL to leave, to which CASWELL again stated, "I'm going to kill everyone, I'm going to jail today." CASWELL then placed his hand on the center console of his vehicle, at which point Lopez opened the vehicle's driver's side door and detained CASWELL.

6. BOP staff asked CASWELL if he had any guns or bombs in the vehicle, to which CASWELL responded, not that he was aware of, but someone else could have put one there.

7. The FBI was contacted related to threats being made by CASWELL at Coleman. Special Agent Bomb Technician Smith and I went to Coleman in response. After examining CASWELL's vehicle, Special Agent Bomb Technician Smith determined that there was no bomb.

8. Special Agent Bomb Technician Smith and I interviewed CASWELL. CASWELL was read his Miranda rights via form FD-395. CASWELL stated that he understood his Miranda rights and wished to speak with agents without an attorney present. He also stated that he had not consumed alcohol or drugs today. CASWELL advised Special Agent Bomb Technician Smith and I that he lives in Pompano Beach, Florida, and drove to Coleman this morning. When asked why, he stated that he needed to turn himself in. He further explained that when he arrived at Coleman, he told the guard that he was there to surrender.

9. CASWELL admitted that he had left Coleman earlier and drove down the road but returned because he needed to be arrested. He admitted to thinking to himself that he was going to have to harm people to defend himself but claimed that was only in his head and not stated aloud. When asked about his statement to Lopez related to having a chip in his head, CASWELL stated that that was a mistake and that he did not really have a chip in his head.

10. During the interview, CASWELL also revealed that he was diagnosed with schizophrenia and prescribed medication to treat it. According to CASWELL, however, about a week ago he decided that he was no longer schizophrenic and stopped taking his medication.

## CONCLUSION

11. Based on the foregoing information, I respectfully submit that probable cause exists to believe that Kyle CASWELL has committed a violation of 18 U.S.C. § 115(a)(1)(B).

David Moreno
Special Agent
Federal Bureau of Investigation

*Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this* 21st *day of August 2026.*

The Honorable Philip R. Lammens
United States Magistrate Judge